UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTESCAP INDIA PVT LTD, an India private company limited by shares,<br><br>Plaintiff,<br><br>v.<br><br>BIONICA, INC., a Nevada corporation; TRINA HEALTH LLC, a Nevada limited liability company; GREGORY FORD GILBERT; TREVOR GILBERT; and DOES 1–50, inclusive,<br><br>Defendant. | No. 2:19-cv-00865-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Gregory Ford Gilbert and Trevor Gilbert's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 35.)  Plaintiff Portescap India PVT LTD ("Plaintiff") filed an opposition.  (ECF No. 43.)  Defendant filed a reply.  (ECF No. 46.)  For the reasons set forth below, the Court hereby GRANTS Defendants' motion.

///

///

///

///

///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On May 14, 2019, Plaintiff brought the instant breach of contract action against Bionica, Inc. ("Bionica"), Trina Health LLC ("Trina Health"), Gregory Ford Gilbert, and Trevor Gilbert. (ECF No. 1.) Plaintiff alleges it sold specially manufactured miniature motors to Bionica, which were intended as components in insulin pumps that Bionica and Trina Health marketed as "microdose infusion pumps." (ECF No. 1 at 2–3.) Plaintiff alleges Trina Health owns and controls Bionica as a conduit for the business of Trina Health — either directly or indirectly through one or more entities under the common control of Gregory Ford Gilbert and Trevor Gilbert. (*Id.*)

On April 7, 2020, Defendants filed an answer. (ECF No. 23.) On April 19, 2021, Defendants filed the instant motion to dismiss the claims against them under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 35.) Neither Bionica nor Trina joined in Defendants' motion.[1]

As a preliminary matter, the parties dispute the propriety of a Rule 12(b)(6) motion given that Defendants answered Plaintiff's complaint. (ECF No. 43 at 3; ECF No. 46 at 2.) In the interest of judicial economy, the Court will construe Defendants' motion as a motion for judgment on the pleadings under Rule 12(c). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("We believe the best approach is . . . treating the motion to dismiss as a motion for judgment on the pleadings."); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (concluding that because the "[d]efendants filed their motion to dismiss after filing their answer. . . the motion should have been treated as a motion for judgment on the pleadings").

///

///

---

[1] On May 26, 2021, the Court stayed the instant action as to Plaintiff's claims against Bionica pursuant to 11 U.S.C. § 362 due to Bionica's bankruptcy. (ECF No. 49.) The Court declined to stay the action as to the remaining Defendants, none of which have filed a notice of bankruptcy. (*Id.*) Defendants have not requested the Court extend the stay to cover the remaining Defendants, nor is there any indication that Bionica's interests would be affected by ruling on the instant motion.

2

## II. STANDARD OF LAW

Rule 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

## III. ANALYSIS

Defendants argue the Court should dismiss Plaintiff's claims against them because "there are no allegations of wrongful acts against [Defendants]" and "the only four allegations of alter ego liability are legal conclusions." (ECF No. 35 at 3, 5.) In opposition, Plaintiff argues its alter ego allegations are sufficient. (ECF No. 43 at 3–6.)

"Under the alter ego doctrine, . . . when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or

organizations actually controlling the corporation, in most instances the equitable owners." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). "The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds." *Id.* In order to state a claim under alter ego theory, Plaintiff must allege facts that support the following: (1) Defendants have "such a unity of interest and ownership" that "separate personalities" no longer exist; and (2) there would be "an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* "Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Id.* at 538–39. "Other factors which have been described in the case law include inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." *Id.* at 539. "No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied." *Id.*

Plaintiff cites the following allegations from the Complaint:

> (1) Trina Health owns and controls Bionica as a conduit for the business . . . through one or more entities under the common control of Defendants; (2) Defendants own and control both Bionica and Trina Health, directly or indirectly; (3) Bionica and the Trina network have largely or entirely ceased operating after Ford Gilbert pleaded guilty on charges of conspiring to bribe an Alabama state legislator; (4) both Bionica and Trina Health are defaulted entities in Nevada, their state of incorporation; (5) Defendants have disregarded their corporate formalities and their fictitiously separate existences; (6) Defendants operated both entities as a single common enterprise for their own direct financial gain; and (7) each entity was fraudulently undercapitalized at the time of the transactions and events alleged.

(ECF No. 43 at 4–5.)

The Court agrees with Defendants that these allegations fail to state an alter ego claim.[2]

---

[2] In arguing it adequately pleads alter ego liability, Plaintiff relies on *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010). (ECF No. 43 at 4.) *Ahcom* is distinguishable from the

4

1 As to the unity of interest prong, the Complaint is devoid of any facts suggesting Defendants controlled the entities "to such a degree as to render the latter the mere instrumentality of the former." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (explaining that the unity of interest prong "envisions pervasive control. . . such as when a parent corporation dictates every facet of the subsidiary's business — from broad policy decisions to routine matters of day-to-day operation."). As to the inequitable result prong, while Plaintiff does allege "[e]ach entity was fraudulently undercapitalized (ECF No. 1 at 3)," it is unclear whether that conclusory assertion alone is sufficient to satisfy the alter ego test. *NuCal Foods, Inc. v. Quality Egg LLC*, 877 F. Supp. 2d 977, 992 (E.D. Cal. 2012) ("To prove injustice, the plaintiff must be more than just a creditor attempting to recover on unsatisfied debts; it must show that a defendant's conduct amounted to bad faith.").

Despite the aforementioned deficiencies in the Complaint, the Court cannot say that amendment would be futile. *See Lonberg*, 300 F. Supp. 2d at 945. Accordingly, the Court GRANTS Defendants' motion with leave to amend.

## IV.   CONCLUSION

The Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's claims against Gregory Ford Gilbert and Trevor Gilbert with leave to amend. (ECF No. 35.) Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days thereafter.

IT IS SO ORDERED.

**DATED: November 18, 2021**

Troy L. Nunley
United States District Judge

---

instant case. *Ahcom* primarily addressed "whether a creditor of a corporation in bankruptcy ha[d] standing to assert a claim against the corporation's sole shareholders on an alter ego theory or whether that claim belong[ed] solely to the corporation's bankruptcy trustee." 623 F.3d at 1249. Notably, the *Achom* court did not engage in a lengthy discussion as to whether the alter ego allegations were sufficient to state a claim. *Id.* at 1250–51 (noting "Ahcom's FAC is not a model of clarity").